NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ALEXSAM, INC.,**

*Plaintiff-Appellant*

**v.**

**MASTERCARD INTERNATIONAL INCORPORATED,**

*Defendant-Appellee*

---

2021-1785

---

Appeal from the United States District Court for the Eastern District of New York in No. 1:15-cv-02799-ILG-VMS, Senior Judge Israel Leo Glasser.

---

Decided: March 3, 2022

---

HUNTER T CARTER, Arent Fox LLP, New York, NY, argued for plaintiff-appellant. Also represented by JACQUELINE KNAPP BURT, Heninger Garrison Davis, LLC, Atlanta, GA; TIMOTHY C. DAVIS, W. LEE GRESHAM, III, Birmingham, AL; JONATHAN ROBERT MILLER, Rozier Hardt McDonough PLLC, Atlanta, GA, STEVEN WHITEFIELD RITCHESON, Insight, Chatsworth, CA.

ELIOT DAMON WILLIAMS, Baker Botts LLP, Palo Alto,

CA, argued for defendant-appellee. Also represented by
MICHAEL HAWES, Houston, TX; CHRISTOPHER PATRICK,
ROBERT C. SCHEINFELD, JENNIFER COZEOLINO TEMPESTA,
New York, NY

———————————

Before NEWMAN, LOURIE, and STOLL, *Circuit Judges*.

STOLL, *Circuit Judge*.

In this appeal, we consider MasterCard International
Inc.'s charge that AlexSam, Inc. took inconsistent positions
before the Patent and Trial Appeal Board, on the one hand,
and at the U.S. District Court for the Eastern District of
New York, on the other, concerning the implications of a
covenant not to sue on standing. The district court found
that AlexSam had taken inconsistent positions and thus
held it estopped and granted summary judgment dismiss-
ing AlexSam's complaint with prejudice. On appeal,
AlexSam argues that the district court abused its discre-
tion by crediting AlexSam with a position it never actually
took before the Board. We agree. We therefore reverse the
district court's summary judgment and remand for further
proceedings.

## BACKGROUND

AlexSam is the owner of U.S. Patent Nos. 6,000,608
and 6,189,787 (the "licensed patents"), both titled "Multi-
function Card System." Generally speaking, the licensed
patents are directed to pre-paid cards (like a gift card) that
can be used with point-of-sale devices. *See* '608 patent, Ab-
stract.

Back in 2005, AlexSam and MasterCard entered into a
non-exclusive license agreement permitting MasterCard
"to process and enable others to process" certain licensed
transactions, J.A. 200 ¶ 2.1, that are "covered by one of the"
licensed patents, *id.* ¶ 1.3. MasterCard, in exchange,
agreed to pay AlexSam royalties for each licensed

transaction and to provide AlexSam with monthly reports itemizing the number of licensed transactions and the corresponding royalties owed for the relevant time period. J.A. 202–03 ¶¶ 4.1–4.2.

A couple of years later, AlexSam contacted Master-Card, complaining that the monthly reports did not account for all of the applicable licensed transactions and, as a result, MasterCard had not paid all the royalties it owed under the license. MasterCard disagreed. In May 2015, AlexSam sued MasterCard in the Eastern District of New York for breach of contract, seeking the allegedly unpaid royalties. MasterCard filed counterclaims seeking (among other things) a declaratory judgment that the licensed patents are invalid and not infringed.

AlexSam moved to dismiss MasterCard's patent-related declaratory judgment counterclaims, arguing that a covenant not to sue contained in the license agreement stripped MasterCard of standing to sue for declaratory relief. The covenant recites:

> Alex[S]am hereby agrees and covenants to not at any time initiate, assert, or bring any claim (in any court, administrative agency, or other tribunal, anywhere in the world) against MasterCard, for any claim or alleged liabilities of any kind and nature, at law, in equity, or otherwise, known and unknown, suspected and unsuspected, disclosed and undisclosed, relating to Licensed Transactions arising or occurring before or during the term of this Agreement.

J.A. 201 ¶ 2.2.

In AlexSam's view, this covenant prevented AlexSam from suing MasterCard for patent infringement and, accordingly, MasterCard could have no reasonable apprehension of a patent infringement suit. Continuing, AlexSam

argued, if there is no threat of infringement suit, there is no justiciable case or controversy and thus no standing.

In November 2015, the district court, citing the Supreme Court's decision in *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118 (2007), denied AlexSam's motion. The court determined that MasterCard's counterclaims met the requirements to bring claims for declaratory relief under the Declaratory Judgment Act, 28 U.S.C. § 2201. J.A. 3–4 ¶ 2. It went on to explain, however, that whether declaratory relief would ultimately be appropriate would "depend, in part, on how the [c]ourt (or a jury) interprets" the parties' license agreement, something the court could not do "as a matter of law in the context of" AlexSam's motion. Id.

A couple of years later, in March 2017, MasterCard petitioned for covered business method (CBM) review of the licensed patents. AlexSam opposed institution in its preinstitution patent owner response, arguing that MasterCard lacked standing under 37 C.F.R. § 42.302(a)—a requirement for CBM review. In particular, AlexSam asserted that standing was not established under § 43.302(a) because AlexSam had not "sued" or "charged" MasterCard with patent infringement. Section 43.302(a) states:

> A petitioner may not file with the Office a petition to institute a covered business method patent review of the patent unless the petitioner, the petitioner's real party-in-interest, or a privy of the petitioner *has been sued for infringement* of the patent or *has been charged with infringement* under that patent. Charged with infringement means a real and substantial controversy regarding infringement of a covered business method patent exists such that the petitioner would have standing to bring a declaratory judgment action in Federal court.

*Id.*[1] (emphases added).  As it had argued to the district court, AlexSam argued to the Board that it had not actually sued MasterCard for patent infringement.  AlexSam also argued that it had not "charged" MasterCard with patent infringement, asserting that the covenant not to sue prevented AlexSam from doing so.

The Board requested supplemental briefing on the question of MasterCard's standing to petition for CBM review, specifically regarding the effect of the covenant not to sue.  Ultimately, in September 2017, the Board denied institution for both patents, determining that MasterCard did not have CBM standing under § 43.302(a).  *See Mastercard Int'l Inc. v. Alexsam, Inc.*, No. CBM2017-00041, 2017 WL 4221401 (P.T.A.B. Sept. 21, 2017).[2]

---

[1]   The U.S. Patent and Trademark Office promulgated § 42.302(a) in 2012, citing Section 18 of the Leahy–Smith America Invents Act, Pub. L. No. 112–29, 125 Stat. 284, 329 (2011) as authority.  *See* Changes to Implement Inter Partes Review Proceedings, Post-Grant Review Proceedings, and Transitional Program for Covered Business Method Patents, 77 Fed. Reg. 48,680, 48,727, 48,731 (Aug. 14, 2012).  AIA Section 18(a)(1)(B) relates to standing and recites:

> A person may not file a petition for a transitional proceeding with respect to a covered business method patent unless the person or the person's real party in interest or privy has been sued for infringement of the patent or has been charged with infringement under that patent.

125 Stat. at 330.

[2]   The Board issued a nearly identical decision denying institution for the '608 patent.  *See Mastercard Int'l Inc. v. Alexsam, Inc.*, No. CBM2017-00042, 2017 WL 4221130

In its decision, the Board began by noting that Master-Card had not actually been sued with patent infringement, and thus focused its inquiry on whether MasterCard had been "charged with infringement" under § 42.302(a). The Board explained that § 42.302(a)'s "charged with infringement" inquiry requires consideration of whether a party has "the ability to seek relief in *Federal court*" for patent infringement. *Id.* at *4. Accordingly, the Board considered "case law addressing when a party might have Article III standing to bring a declaratory judgment action," including the Supreme Court's decision in *MedImmune. Id.* Ultimately, in determining that MasterCard had not been "charged with infringement" under § 42.302(a), the Board determined that "the broad language of the covenant not to sue provision" in the parties' license agreement "remove[d] any imminent possibility that [AlexSam] could bring an infringement action against [MasterCard]." *Id.* at *5. In the Board's view, MasterCard faced no "imminent" threat of infringement, and thus had no standing to petition for CBM review under § 42.302(a).

In July 2018, MasterCard moved for summary judgment in the district court, asserting that AlexSam's arguments to the Board regarding the covenant not to sue and MasterCard's standing to petition for CBM review judicially estopped AlexSam from pursuing its breach of contract claim against MasterCard. In MasterCard's view, because AlexSam argued that the breadth of the covenant not to sue removed any threat of a suit for patent infringement (thus depriving MasterCard of standing to petition for CBM review), AlexSam's decision to press forward with its breach of contract claim and claim for royalties despite the breadth of the covenant amounted to an inconsistent position warranting judicial estoppel.

---

(P.T.A.B. Sept. 21, 2017). For brevity, we cite only the decision denying institution for the '787 patent.

The magistrate judge recommended denying Master-Card's motion for summary judgment. The district court, however, agreed with MasterCard and entered judgment dismissing AlexSam's complaint with prejudice and dismissing MasterCard's patent-related counterclaims without prejudice. *Alexsam, Inc. v. Mastercard Int'l Inc.*, 15-CV-2799 (ILG) (SMG), 2020 WL 3286785 (E.D.N.Y. June 17, 2020) (*Judgment Op.*).

AlexSam appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(1).

## DISCUSSION

We review the district court's summary judgment under the law of the regional circuit, here the Second Circuit. *See Convolve, Inc. v. Compaq Comput. Corp.*, 812 F.3d 1313, 1317 (Fed. Cir. 2016). The Second Circuit reviews the grant or denial of summary judgment de novo. *Ashmore v. CGI Grp., Inc.*, 923 F.3d 260, 271 (2d Cir. 2019). We also apply regional circuit law to questions of judicial estoppel. *Egenera, Inc. v. Cisco Sys., Inc.*, 972 F.3d 1367, 1378 (Fed. Cir. 2020). The Second Circuit reviews a "district court's decision to invoke judicial estoppel . . . for abuse of discretion." *Ashmore*, 923 F.3d at 271. "While deferential, abuse of discretion review is not a rubber stamp. A district court may not do inequity in the name of equity." *Id.* (quoting *Clark v. All Acquisition, LLC*, 886 F.3d 261, 266 (2d Cir. 2018)). In addition, a district court's decision to invoke judicial estoppel is an abuse of discretion when it rests on an error of law or clearly erroneous factual findings. *See, e.g., id.* at 277, 283.

The Supreme Court in *New Hampshire v. Maine* outlined several factors that "typically inform the decision whether to apply" judicial estoppel. 532 U.S. 742, 750 (2001). The Second Circuit has adopted the so-called *New Hampshire* factors, explaining that "[j]udicial estoppel is properly invoked where: (1) a party's later position is clearly inconsistent with its earlier position, and (2) the

party's former position has been adopted in some way by the court in an earlier proceeding." *Ashmore*, 923 F.3d at 272 (citing *New Hampshire*, 532 U.S. at 750–51). The Second Circuit also "often, but not always, require[s] a showing that the party asserting the two inconsistent positions would derive an unfair advantage against the party seeking estoppel." *Id.* (citing *New Hampshire*, 532 U.S. at 751).

On appeal, AlexSam argues that the district court abused its discretion by invoking judicial estoppel. At its core, AlexSam's argument is that its position has been consistent throughout: the covenant not to sue precludes AlexSam from suing MasterCard for patent infringement, thus depriving MasterCard of standing to petition for CBM review and to bring declaratory judgment counterclaims of patent noninfringement and invalidity. At the same time, AlexSam contends that the covenant not to sue does not preclude it from suing for breach of contract and seeking royalties for the breach. We agree that AlexSam's arguments have been consistent. The district court's contrary finding—crediting AlexSam with a position that it never actually took before either the Board or district court—is clearly erroneous, and therefore its decision to invoke judicial estoppel was an abuse of discretion.

In its decision, the district court stated: "When Alex[S]am argued before the [Board] that the covenant not to sue eliminates MasterCard's standing for declaratory relief, *it also necessarily took the position* that the same covenant prohibits a claim for royalties under the license agreement." *Judgment Op.*, 2020 WL 3286785, at \*5 (emphasis added). This conclusion is wholly inconsistent with the record.

In response to the Board's request for supplemental briefing on the effect of the covenant, MasterCard (who filed its brief first) argued that AlexSam's decision to sue for breach of contract voided the covenant not to sue.

According to MasterCard, this was so because the covenant was broad enough to bar AlexSam for suing for *any* claim relating to the licensed transactions arising out of the parties' agreement, including a breach of contract claim. J.A. 1485–86. AlexSam pushed back on this in its responsive supplemental brief. Specifically, AlexSam argued that the covenant prevented AlexSam from suing for patent infringement (and only patent infringement), stating: "On the one hand, the [covenant] was included to provide [MasterCard] with assurance that it would not be sued for patent infringement. On the other hand, [AlexSam] intended to enter into a [l]icense [a]greement and have the ability to enforce its terms." J.A. 1502. Thus, AlexSam argued, the covenant was "further evidence" that AlexSam could not sue MasterCard for patent infringement. J.A. 1500; *see also* J.A. 1503 ("The [covenant not to sue] further clarifies that [AlexSam] cannot sue [MasterCard] for patent infringement."). None of this supports the district court's conclusion that AlexSam "necessarily took" the position that the covenant prohibits a claim for royalties under the license agreement. AlexSam argued only that the covenant barred it from suing MasterCard for patent infringement.

In defense of the district court's conclusion, MasterCard repeatedly quotes (without context) a single sentence from AlexSam's supplemental briefing before the Board. According to Mastercard, this single sentence shows that AlexSam argued that the covenant was broad enough to bar it from suing for royalties. *E.g.*, Appellee's Br. 13, 16, 24–28, 35. The sentence is not limited to "infringement" and states: "The [covenant] is also sufficient to moot a claim for declaratory relief." J.A. 1501 (citing *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 93 (2013)). This sentence comes from a section of AlexSam's supplemental brief directly responding to what it characterized as MasterCard's "misleading" arguments. MasterCard argues that this statement, in combination with the Supreme Court's decisions in *MedImmune* and *Already*, shows AlexSam should

be judicially estopped from pursuing its breach of contract claim because it was taking inconsistent positions.

Specifically, relying on *MedImmune*, MasterCard argues that it has declaratory judgment standing to challenge the licensed patents (either in district court or by petitioning for CBM review), Appellee's Br. 23–24, and that AlexSam can defeat that standing only by "moot[ing]" MasterCard's declaratory claim, *id.* at 25–26. According to MasterCard, AlexSam attempted to do just that, likening the covenant not to sue in the license agreement to the covenant at issue in *Already*. As MasterCard put it: "Alex[S]am's PTAB argument presented a broad, unconditional and irrevocable covenant not to sue – as was the case in *Already* – broad enough to prohibit Alex[S]am from bringing *any claim* or *making any demand* against Master[C]ard related to its IP, i.e., for disputed patent royalties." *Id.* at 26. MasterCard argues that because it would have declaratory judgment standing under *MedImmune* in the absence of AlexSam's assertion that the covenant was broad enough under *Already* to "moot a claim for declaratory relief," J.A. 1501, AlexSam's assertion amounted to taking a position that would estop it from pursuing its royalty claims. *See id.* at 35 ("[B]y arguing that the . . . covenant was 'sufficient to moot a claim for declaratory relief,' Alex[S]am could not collect disputed royalties.")

The problem with MasterCard's argument is that it reads too much into a single sentence, stripping it of any context. Here's that same sentence in context:

> The payment of royalties is Petitioner's obligation under the License Agreement – not a condition of the [covenant]. Petitioner's intentional, and admitted, refusal to pay royalties it owes supports a claim for breach, not patent infringement. Further, the [covenant] provides no explicit means for its revocation. *The [covenant] also is sufficient to moot a claim for declaratory relief.* . . . The facts do

> not support the conclusion that the [covenant] was,
> or could be, revoked by the filing of Patent Owner's
> breach of contract claim. Finally, Petitioner con-
> tends that the [covenant] is both "not uncondi-
> tional" and "void and not irrevocable." Petitioner
> provides no evidence or support for its position that
> the parties intended the [covenant] to be condi-
> tional or revocable. Petitioner simply lacks stand-
> ing and its attempts to manufacture it are wrong.
> Petitioner has not been sued for infringement and
> the [covenant] is further evidence that Patent
> Owner cannot sue Petitioner, who is a licensee, for
> infringement.

J.A. 1501–02 (citation omitted) (emphasis altered). Read-
ing this sentence in context, it is abundantly clear that
AlexSam was continuing to argue only that the covenant
precluded a claim for patent infringement, a position which
the Board adopted and which AlexSam maintained in dis-
trict court. AlexSam did not argue that the covenant also
precluded its breach of contract claim. The district court's
finding to the contrary was clearly erroneous.

As such, the district court's conclusion that AlexSam
"necessarily took" an inconsistent position was clearly er-
roneous in view of the record, and accordingly its invoca-
tion of judicial estoppel was an abuse of discretion.[3]

---

[3]     To be sure, the district court may be entirely cor-
rect that the broadly worded covenant not to sue "prohibits
a claim for royalties under the license agreement." *Judg-
ment Op.*, 2020 WL 3286785, at *5. But that question—one
which requires contract interpretation under the applica-
ble law—is not before us. Indeed, the district court has not
had briefing or the opportunity to consider this unresolved
question but can do so on remand. All we decide today is
that the district court erred in crediting AlexSam with a

CONCLUSION

We have considered the parties' remaining arguments and find them unpersuasive.[4]  For the above reasons, we agree with AlexSam that the district court abused its discretion by invoking judicial estoppel based on an erroneous fact finding unsupported by the record.  We therefore reverse the district court's summary judgment and remand for further proceedings.

**REVERSED AND REMANDED**

---

position it never took, thus abusing its discretion in invoking judicial estoppel.

[4]   We specifically note that AlexSam argues on appeal that it was improper for the district court to construe the claims of the licensed patents prior to determining whether MasterCard breached the terms of the license agreement.  We disagree.  The license specifically defines licensed transactions as those "covered" by one of the licensed patents.  J.A. 200 ¶ 1.3.  The district court correctly determined that claim construction was a necessary prerequisite for determining whether any alleged transaction was a licensed transaction for which MasterCard owed royalties.  We are not, however, reviewing the legal question of claim construction, which may affect the amount of royalties MasterCard owes as well as the validity of the licensed patents.  Because this appeal is focused on the threshold issue of whether AlexSam can bring its suit in the first instance, the question of claim construction is not subject to interlocutory review.